UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| OBI FREIGHT, INC.; | ) |
| JOSHUA OUTLAW; and | ) |
| THE ESTATE OF TIFFANY KELLY | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES, Plaintiff, Great West Casualty Company ("GWCC") by its attorneys, Tressler LLP, and for its Complaint for Declaratory Judgment against Defendants, Joshua Outlaw ("Outlaw"), OBI Freight, Inc. ("OBI"), the Estate of Tiffany Kelly ("Kelly"), states as follows:

**INTRODUCTION**

1. This is a declaratory judgment action, in which GWCC seeks a declaration that it owes no duty to defend or indemnify Outlaw or OBI in connection with an October 28, 2024 motor vehicle accident involving OBI's driver, Joshua Outlaw, and Tiffany Kelly.

2. An actual, substantial and judiciable controversy has arisen and now exists between Outlaw, OBI, and GWCC.

**PARTIES**

3. Plaintiff GWCC is an insurance company incorporated in Nebraska with its principal place of business in South Sioux City, Nebraska.

4. Upon information and belief, Defendant Joshua Outlaw is an individual and is domiciled in Illinois.

1

5. Defendant OBI is an Illinois corporation with its principal place of business located in Darien, Illinois.

6. Upon information and belief, the Estate of Tiffany Kelly is domiciled in the state of Illinois.

7. No specific relief is requested against the Estate of Tiffany Kelly as it is named solely as an interested party to be bound by the declaration of rights that GWCC seeks herein.

## JURISDICTION AND VENUE

8. Complete diversity of citizenship exists between GWCC, a citizen of Nebraska, and Defendants, who are citizens of Illinois. Damages at issue are in excess of $75,000 as the October 28, 2024 accident was a fatal accident and the limits of the GWCC policy are $1,000,000 per "accident" or "loss".

9. Venue in this Court is proper under 28 U.S.C. §1391(b)(1) and (2) as OBI does business in this district and the GWCC insurance policy that is the subject of the action was issued and delivered in this district.

10. In light of the above, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 to hear this action and this Court is the proper venue in which to bring this action.

## FACTUAL BACKGROUND

11. On October 28, 2024, Joshua Outlaw was operating a 2020 International MV607 Tractor VIN 3HAEUMML8LL077532 on I-55 in Canteen Township, St. Clair County, Illinois.

12. Tiffany Kelly's vehicle was stopped in lane two of the road with the vehicle's hazard lights on.

13. Outlaw was driving in lane two and collided with Tiffany Kelly's vehicle.

14. Tiffany Kelly was pronounced dead at the scene of the accident.

15. Following the subject accident, an Illinois Traffic Crash Report was generated in connection with the accident, bearing agency crash report number 08-24-03271. A true and correct copy of the redacted Traffic Crash Report is attached hereto as Exhibit A.

16. The Traffic Crash Report states that the 2020 International MV607 Tractor VIN 3HAEUMML8LL077532 operated by Outlaw at the time of the subject accident was owned by OBI. (Exhibit A, pg. 1).

17. Neither OBI nor Outlaw reported the October 28, 2024 accident to GWCC.

18. On March 13, 2025, GWCC received a call from Marissa Guerra of Alvarez Law Offices, counsel for the Estate of Tiffany Kelly, informing GWCC of the October 28, 2024 accident.

19. Prior to March 13, 2025, GWCC had not received notice of the October 28, 2024 accident.

**The Policy**

20. GWCC issued to its named insured, OBI FREIGHT INC, a Commercial Lines Policy No. GRT06943B for the policy period of August 18, 2024 to May 23, 2025[1] (the "Policy"). A true and correct certified copy of the Policy as it existed at the time of the October 28, 2024 accident, with premium information redacted, is attached hereto as Exhibit B.

21. The Commercial Auto Coverage Part Motor Carrier Coverage Form Declarations provide:

| **ITEM TWO:** Schedule of Coverages and Covered "Autos" |
|---|
| **This policy provides only those coverages where a charge is shown in the premium column below.** Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or |

---

[1] Since the October 28, 2024 accident, various endorsements have been added to the Policy, none of which are relevant to the issues presented in this case. One of the endorsements, Endorsement No. 19, issued on March 20, 2025, cancels the Policy effective May 23, 2025.

3

| COVERAGES | COVERED AUTOS |
|---|---|
| more of the symbols from the COVERED AUTO Section of the Commercial Auto Coverage Part next to the name of the coverage. | |
| | (Entry of one or more of the symbols from the COVERED AUTO Section of the Motor Carrier Coverage Form shows which "autos" are covered "autos") |
| COVERED AUTOS LIABILITY | 67, 68, 71 |

\*\*\*

SYMBOL DESCRIPTION

**67** SPECIFICALLY DESCRIBED AUTO
**68** HIRED AUTOS ONLY
**71** NONOWNED AUTOS ONLY

\*\*\*

*See* Exhibit B.

22. The Commercial Auto Coverage Part states:

**SECTION I −COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS

SYMBOL DESCRIPTION

\*\*\*

**67= SPECIFICALLY DESCRIBED AUTOS.** Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you do not own while connected to any power unit described in Item Three).

**68= HIRED AUTOS ONLY.** Only those trucks and tractors you lease, hire, rent or borrow for 30 days or less and those "trailers" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of

4

>your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.
>
>**71= NON−OWNED AUTOS ONLY**. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business.
>
> ***

*See* Exhibit B.

    23.    The Policy further provides:

>**SECTION II − COVERED AUTOS LIABILITY COVERAGE**
>
>**A.    COVERAGE**
>
>>We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>>
>>\*\*\*
>>
>>We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense".
>>
>>\*\*\*
>>
>>If we initially defend an "insured" or pay for an "insured's" defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred. The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.
>>
>>\*\*\*
>
>**1.    WHO IS AN INSURED**
>
>>The following are "insureds":
>>
>>**a.**    You for any covered "auto".

  **b.**  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    **(1)** The owner, or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
    **(2)** Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.
    **(3)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".
    **(4)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
    **(5)** Anyone who has leased, hired, rented, or borrowed an "auto" from you that is used in a business other than yours unless under a written agreement you are required to hold them harmless.
    **(6)** Anyone that is using an "auto" of yours under a written Trailer Interchange Agreement unless under a written agreement you are required to hold them harmless.

***

*See* Exhibit B.

  24.  The Policy includes the following conditions:

**2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS**

We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:

  **a.**  In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

    **(1)**  How, when and where the "accident" or "loss" occurred;
    **(2)**  The "insured's" name and address; and
    **(3)**  To the extent possible, the names and addresses of any injured persons and witnesses.

  **b.**  Additionally, you and any other involved "insured" must:

6

  **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
  **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
  **(3)** Cooperate with us:

    **(a)** In the investigation or settlement of the claim; or
    **(b)** In the investigation of, settlement of or defense against the "suit".

***

*See* Exhibit B.

  25. The Policy includes the following relevant definitions:

**SECTION VI −DEFINITIONS**

  **A.** **"Accident"** includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

\*\*\*

  **C.** **"Auto"** means:

    **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
    \*\*\*

  **D.** **"Bodily injury"** means "bodily injury", sickness or disease sustained by a person including death resulting from any of these.

  **J.** **"Insured"** means any person or organization qualifying as an "insured" in the Who is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each "insured" who is seeking coverage or against whom a claim or "suit" is brought.

  **O.** "**Motor carrier**" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

  **T.** **"Suit"** means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or
    **2.** A "covered pollution cost or expense", to which this insurance applies, are alleged.

"Suit" includes:

    **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" submits with our consent.

                            ***

*See* Exhibit B.

## COUNT I – DECLARATORY JUDGMENT

26. GWCC re-alleges and incorporates the allegations as set forth in paragraphs 1-25 as if set forth herein.

27. Pursuant to the Policy's Duties in the Event of Accident, Claim, Suit or Loss provision, GWCC has no duty to provide coverage under the Policy unless OBI gives GWCC or its authorized representative prompt notice of the "accident" or "loss." (Exhibit B).

28. The subject accident occurred on October 28, 2024. (Exhibit A).

29. Neither OBI nor Outlaw provided notice of the October 28, 2024 accident to GWCC.

30. GWCC was not provided with notice of the accident until March 13, 2025, when GWCC received a phone call from the Alvarez Law Offices, counsel for the Estate of Tiffany Kelly.

31. Because the accident was not reported to GWCC until approximately five and a half months after the subject accident occurred, the Policy's Duties in the Event of Accident, Claim, Suit or Loss provision were not satisfied.

8

32. As the result of OBI's and Outlaw's failure to provide notice of the accident to GWCC, GWCC was unable to investigate the accident to prepare a defense to any claims that the Accident was the result of the negligence of GWCC's insureds.

33. As GWCC has no duty to provide coverage under the Policy unless OBI gives GWCC or its authorized representative prompt notice of the "accident", and OBI failed to provide such notice, GWCC has no duty to defend or indemnify OBI or Outlaw in connection with the October 28, 2024 accident.

WHEREFORE, Plaintiff, Great West Casualty Company, respectfully requests that this Court enter an Order finding and declaring that Great West Casualty Company has no duty to defend or indemnify Defendants OBI Freight Inc. or Joshua Outlaw in connection with the subject accident and that judgment be entered in its favor and against OBI Freight Inc. and Joshua Outlaw, and grant such further or other relief to Great West Casualty Company as this Court deems just and proper.

**GREAT WEST CASUALTY COMPANY**

By: */s/ William K. McVisk*
One of its Attorneys

William K. McVisk
Kari A. Shane
TRESSLER LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
Tel: (312) 627-4000
Fax: (312) 627-1717
WMcVisk@tresserllp.com
KShane@tresslerllp.com
Attorneys for Plaintiff, Great West Casualty Company

9