**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OBI FREIGHT, INC.; JOSHUA OUTLAW; SANDIE GOREE as Special Representative of the ESTATE OF TIFFANY KELLY, and ROGER KELLY, as Special Administrator of the ESTATE OF TIFFANY KELLY,<br><br>Defendants. | ) | Case No.: 1:25-cv-05401 |

**MOTION TO DISMISS**

COMES NOW, Defendant, Roger Kelly, as Special Administrator of the Estate of Tifffany Kelly, and for his Motion to Dismiss for Failure to State a Claim and Improper Venue pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3), states as follows:

**I. INTRODUCTION**

1. This is a declaratory judgment action, in which GWCC seeks a declaration that it owes no duty to defend or indemnify Outlaw or OBI in connection with an October 28, 2024 motor vehicle accident involving OBI's driver, Joshua Outlaw, and Tiffany Kelly that resulted in the death of Tiffany Kelly.

2. Plaintiff GWCC filed their Second Amended Complaint asserting that venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391(b)(1) alleging that all Defendants are domiciled in Illinois, including Defendant Joshua Outlaw, and 28 U.S.C. §

1391(b)(2) as OBI does business in this district and the GWCC insurance policy was issued and delivered in this district.

3. Defendant Roger Kelly, as Special Administrator of the Estate of Tiffany Kelly now seeks to dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

4. Defendant Roger Kelly also seeks to dismiss this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) on the belief that all defendants are not domiciled in Illinois and that the Plaintiff's selected venue is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or in the alternative, to transfer this matter to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a) as the Southern District of Illinois is the situs of the events giving rise to this action and the Southern District is more convenient to all parties.

## II. LEGAL STANDARD FED. R. CIV. P. 12(b)(6)

5. To avoid dismissal under Rule 12(b)(6) a complaint "must contain allegations that 'state a claim to relief that is plausible on its face.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665 (7th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). This "plausibility standard" requires a district court to "accept the well-pleaded facts in the complaint as true"; however, a court "need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 709 F.3d at 665-66 (*quoting Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the law "does not impose a probability requirement on plaintiffs," a litigant must plead "'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief" to escape dismissal. *Alam*, 709 F.3d at 666 (*quoting Twombly*, 550 U.S. at 555). Conclusory

allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680.

6. Under Illinois law, the interpretation of insurance policies is governed by the general rules governing the interpretation of other contracts. *Artisan & Truckers Cas. Co. v. Burlington Ins. Co.,* 90 F.4th 893, 896 (7th Cir. 2024) (citing *Crescent Plaza Hotel Owner, L.P. v. ZurichAm. Ins.,* 20 F.4th 303, 308 (7th Cir. 2021)). The primary task in construing an insurance policy is to give effect to the parties' intentions as expressed in the policy language, and to give unambiguous terms their plain and ordinary meaning. *Id.; Auto-Owners Ins. Co. v. Munroe,* 614 F.3d 322, 324 (7th Cir. 2010). Ambiguous language must be construed against the insurer. *Burlington,* 90 F.4th at 896. Only a material breach of an insurance policy will justify nonperformance by the other party. *Direct Auto Ins. Co. v. O'Neal,* 2022 IL App (1st) 211568, ⁋15, 235 N.E.3d 92, 697. Whether an insured has provided notice within a reasonable time under a policy will depend on the facts and circumstances of each case. *Id.* Therefore, in determining whether an insured's failure or delay in providing notice was a material breach, the courts will examine, among other things, whether the insurer suffered prejudice because of its delayed receipt of notice. *Id.* at 698.

7. When an insurer relies on a policy exclusion to deny coverage, the insurer has the burden of proving that the exclusion applies. *See Santa's Best Crafts, LLC v. St. Paul Fire & Marine Ins. Co.,* 611 F.3d 339, 347 (7th Cir. 2010). Exclusions are construed narrowly and apply only if it is "clear and free from doubt" that the policy's exclusion prevents coverage. *Scottsdale Ins. Co. v. Columbia Ins. Group, Inc.,* 972 F.3d 915, 919 (7th Cir. 2020); *IMEG Corp. v. Atl Specialty Ins. Co.,* 20-CV-03316, 2025 WL 962961, at 11 (N.D. Ill. Mar. 31, 2025); *St. Paul Fire & Marine Ins. Co. v. Antel Corp*., 899 N.E.2d 1167, 1174 (Ill. App. Ct. 2008).

## III. ARGUMENT UNDER FED. R. CIV. P. 12(b)(6)

8. The Court should dismiss Plaintiff's Complaint for Declaratory Judgment because they fail to allege any essential elements of breach of contract and their "late notice" argument fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

9. Plaintiff alleges that Defendants OBI and Outlaw failed to report the underlying motor vehicle collision to GWCC until approximately five and a half months after the subject accident occurred and that due to the "late-notice" the Policy's Duties in the Event of Accident, Claim, Suit or Loss provision were not satisfied. (Second Amended Complaint, ⁋43).

10. Plaintiff further alleges that, as a result of OBI's and Outlaw's failure to provide notice of the accident to GWCC, GWCC was unable to investigate the accident to prepare a defense to any claims that the Accident was the result of the negligence of GWCC's insureds. (*Id.* at ⁋44).

11. In their Second Amended Complaint, GWCC fails to allege even a single fact supporting their allegations that they were unable to investigate the accident to prepare a defense to any claims that the accident was the result of the negligence of GWCC's insureds.

12. GWCC has not and cannot allege facts to support their claim of a material breach which would deny coverage because all of the evidence necessary to conduct their investigation is still readily available to them. To date, GWCC has not even asked to examine the vehicle driven by Tiffany Kelly at the time of the accident. The vehicle is available for inspection. Additionally, a non-interested third party generated a 75 page Illinois State Police Traffic Crash Reconstruction Response Report analyzing the collision in great detail. (*See Illinois Traffic Crash Reconstruction Response Report No. 08-24-03271).*

13. GWCC's conclusory allegations that they were unable to investigate the accident to prepare a defense "are not entitled to be presumed true." (*Iqbal*, 556 U.S. at 680.)

14. Even if this Court were to determine that they have stated enough facts to support their claim that the insurance contract had been breached, the proposed breach did not constitute a "material breach" because a delayed notice of merely five and a half months did not prejudice the insurer in any material way. No evidence has been lost, no statute of limitations has run, and no adverse action has been taken. At the time the insurer had received notice, it still had plenty of time to respond to the claim. No adverse judgment has been entered in the underlying auto cases and by their own admission GWCC received notice prior to any suit being brought, before any discovery had been conducted, and GWCC still has had opportunity to get involved in the defense of the case, and, upon information and belief, has retained counsel to defend the underlying actions in St. Clair County Circuit Court that were filed more than seven months after GWCC received notice of the claims.

15. GWCC failed to allege any facts showing that the notice they received was not as soon as practicable and failed to allege any facts showing that GWCC would have done anything differently had they received notice sooner. There is nothing that GWCC would have done differently had it been provided notice earlier, except maybe to file its declaratory judgment suit quicker.

WHEREFORE, Defendant Roger Kelly, as Special Administrator of the Estate of Tiffany Kelly, requests that this Court dismiss Plaintiff's Second Amended Complaint for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(3)

16. Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(3). Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in the proper district. *See Gilman Opco LLC v. Lanman Oil Co.,* No. 13-CV-7846, 2014 WL 1284499, at 2 (N.D. Ill. Mar. 28 2014). When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a).

17. In a federal civil action, venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

18. 28 U.S.C. § 1404(a) further provides, "[f]or the convenience of all parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To prevail in a Motion to Transfer Venue under 28 U.S.C. § 1404(a), the moving party must show: "(1) venue is proper in this district; (2) venue and jurisdiction are proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interests of justice." *Vandeveld v. Cristoph,* 877 F. Supp. 1160, 1167 (N.D. Ill. 1994).

19. The party moving for a transfer of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *See Coffey,* 796 F.2d at 219-220. The Court "must also give some weight to the plaintiff's choice of forum, but deference to the plaintiff's choice of forum diminishes in significance where the

forum "bears little connection to the litigation." *Poole v. Saddler,* No. 13-cv-4984 2014 WL 585306 (N.D. Ill. Feb. 14, 2014).

20. When evaluating the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigation in the respective forums. *College Craft Cos., Ltd. V. Perry,* 889 F. Supp. 1052, 1054 (N.D. Ill. 1995).

**<u>V. ARGUMENT UNDER FED. R. CIV. P. 12(b)(3)</u>**

21. Plaintiff GWCC alleges that venue is proper under 28 U.S.C. § 1391(b)(1) and (2) as OBI does business in this district and the GWCC insurance policy was issued and delivered in this district.

22. Upon information and belief, Defendant Outlaw is domiciled in Texas and not in Illinois and therefore venue is not proper under 28 U.S.C. § 1391(b)(1) because all defendants are not residents of the State in which this district is located. (*See* https://www.whitepages.com/name/Joshua-Naason-Outlaw/Dayton-TX/PvyBnb7xPyV?ddreferrer; showing Defendant Joshua Naason Outlaw resides at 13514 Fallbrook Cir, Dayton, TX 77535; viewed on May 12, 2026).

23. While GWCC alleges that venue is proper because the GWCC insurance policy was issued and delivered in this district, it is actually the motor vehicle collision that brings rise to this litigation. The motor vehicle collision occurred within the Southern District of Illinois and therefore the Southern District of Illinois is the venue in which a substantial part of the events or omissions giving rise to the claim occurred.

24. The fact that the motor vehicle collision occurred within the Southern District of Illinois also weighs in favor of transferring this matter to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). In this case, Plaintiff GWCC has chosen the Northern District

of Illinois as their chosen forum. The weight that the Court must give to that choice depends on whether this forum has a sufficient connection to the litigation. *Poole v. Saddler,* No. 13-cv-4984 2014 WL 585306 (N.D. Ill. Feb. 14, 2014). Since GWCC neither resides within the Northern District of Illinois and the events giving rise to the cause of action occurred within the Southern District of Illinois, the Plaintiff's choice of forum should be given less deference.

25. The second factor to consider is the site of material events. While the policy at issue might have been issued and delivered within the Northern District of Illinois, the site of the motor vehicle collision which gives rise to the litigation is located within the Southern District of Illinois. Therefore, this factor weighs heavily in favor of transfer to the Southern District.

26. The third factor is to consider the availability of evidence in each forum. *Id.* GWCC has produced the applicable policy which is available to view in either venue. As part of their claims, GWCC alleges that as a result of OBI's and Outlaw's failure to provide notice of the accident to GWCC, GWCC was unable to investigate the accident to prepare a defense to any claims that the Accident was the result of the negligence of GWCC's insureds. The availability of evidence weighs in favor of transfer to the Southern District of Illinois because substantially more evidence in relation to the underlying motor vehicle collision is located in the Southern District. This evidence includes, but is not limited to, the vehicle operated by Tiffany Kelly at the time of the collision, the police officers, highway patrol, and medical personnel responding to or investigating the accident all of whom reside in or near the Southern District of Illinois, the municipal police reports, the Illinois Traffic Crash Report and Inspection, coroner report and officer body camera footage. All of this evidence still exists within the Southern District of Illinois despite GWCC allegations that an alleged delay in notice caused GWCC to be unable to investigate the accident to prepare a defense to any claims that the accident was the result of the

negligence of GWCC's insureds. Therefore, the availability of evidence in each forum favors transfer to the Southern District.

27. The fourth and final test to determine the convenience of the parties and witnesses is the convenience of the parties of litigation in the respective forums. Presumably, the plaintiff's choice of forum in the Northern District is their more convenient forum. Here, Defendant Roger Kelly resides in the Southern District and therefore the Southern District is a more convenient forum for him. Upon information and belief, Defendant Sandie Goree also resides in or near the Southern District of Illinois and therefore the Southern District would be a more favorable forum. Therefore, there is roughly an equal amount of convenience and this factor should be deemed a wash.

28. When evaluating whether transfer would serve the interests of justice, Courts evaluate the speed at which the case will proceed to trial, the court's familiarity with applicable law, and the public interest in having a case resolved in a particular forum. *Coffey v. Van Dorn Iron Works,* 796 F.2d at 221.; *see Barnes v. Rollins Dedicated Carriage Services, Inc.,* 976 F. Supp. 767, 769 (N.D. Ill. 1997). As of June 30, 2025, the median time from filing to trial in the Northern District is 56.4 months, while the median time from filing to trial in the Southern District is 45 months. (*See* https://www.uscourts.gov/sites/default/files/document/fcms_na_dist profile0630.2025.pdf.; viewed May 12, 2026). The docket congestion shows that the interests of justice lean towards transfer of the case to the Southern District.

WHEREFORE, Defendant Roger Kelly, as Special Administrator of the Estate of Tiffany Kelly, requests that this Court dismiss this matter for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this matter to the Southern District of Illinois

pursuant to 28 U.S.C. § 1404(a) as the Southern District of Illinois is the situs of the events giving rise to this action and the Southern District is more convenient to all parties.

**LESKERA LAW FIRM**

/s/ Justin Leskera

Justin H. Leskera #6332147
120 East Church Street
Collinsville, IL 62234
T: 618.344.3281
F: 618.319.4242
E: Justin@llf.legal

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served upon the following, by the Court's electronic filing system, on this 12th day of May 2026.

William K. McVisk
Kari A. Shane
Tressler LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
Tel: (312) 627-4000
Fax: (312) 627-1717
WMcVisk@tresserllp.com
KShane@tresslerllp.com
Attorneys for Plaintiff, Great West Casualty Company

____/s/ Justin Leskera_______